United States District Court
Northern District of California

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LEWIS FREEMAN,

    Defendant.

Case No.: 4:13-mj-70701-MAG-2 (KAW)

DETENTION ORDER

## I. BACKGROUND INFORMATION

Defendant Lewis Freeman is charged in an indictment with a violation of 18 U.S.C. § 1915(a) (robbery affecting interstate commerce).

On July 16, 2013, the Court held a hearing on the government's motion for detention. Defendant was present, in custody, and represented by Assistant Federal Public Defender Ellen Leonida. Assistant United States Attorney Brigid Martin appeared on behalf of the Government. For the reasons explained below, the Court orders that Defendant be detained.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi*, 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

The indictment alleges that Defendant and a codefendant robbed Jack in the Box. Police officers on patrol allegedly saw the two men run away from Jack in the Box and get into a car. The officers followed the car that the men got into, and pulled it over. When Defendant got out of the car, he had money falling out of his waistband area. The officers recovered a loaded Tec-9 firearm from under the front passenger seat, as well as cashier trays, currency, and a ski mask. Witnesses who saw the robbery positively identified Defendant's clothing and the gun.

The nature and circumstances of the offense weigh in favor of detention. Defendant appears to have used a loaded gun to commit a robbery. This shows that he poses a danger to the community. While the weight of the evidence is the least important factor in the analysis, it appears to be great, and therefore weighs in favor of detention.

**B. The History and Characteristics of the Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Defendant is 30 years old. He has resided in Oakland his entire life. He lives with his mother and has daily contact with her. He has no contact with his father, whose whereabouts are unknown. He has frequent contact with his two half siblings, who live in the area. He has never been married, and has one minor child who lives with the child's mother.

He does not have a passport and has no history of international travel.

According to Defendant, he completed the eighth grade. His mother said that he completed the tenth grade, and that his reading skills are limited. Defendant did not report any employment, but stated that he did odd jobs sporadically for the past ten to fifteen years. His family supports him financially.

The defendant does not suffer from any physical health conditions. He first drank alcohol at age 13, and now drinks on a daily basis. He stated that he consumes "anything to get drunk." His mother confirmed that he has an alcohol problem.

Defendant's criminal record contains previous arrests for robbery, unlawfully carrying a concealed weapon, and battery, but he has never been convicted of a crime. He currently has a restraining order lodged against him.

Those who know the defendant best—his mother and neighbors, who have known him for many years, were present at the detention hearing, but none of these people were willing to serve as sureties. Although Defendant's mother was willing to let Defendant live with her, she was not willing to serve as a custodian.

The serious nature and the circumstances of the instant crime, in which a firearm was brandished in order to commit a robbery, show that Defendant poses a danger to the community. His previous robbery and firearm-related arrests, though less probative of the risk of danger than

convictions, are concerning.  In addition, Defendant's apparent alcohol abuse only increases the risk of danger.  Because Defendant lacks viable sureties and a viable third-party custodian, and there is no residential alcohol treatment program available for him at this time, the Court finds that the risk of danger to the community cannot be reasonably mitigated through the imposition of conditions of release.

### III.  CONCLUSION

In light of Defendant's criminal history, the nature of the instant offense, and the weight of the evidence, the Court finds that Defendant presents a danger to the community, and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community.

For the reasons set forth above, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 22, 2013

KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
4:13-mj-70701-MAG-2 (KAW)                 4